## SUPREME COURT.

JAMES E. MUNSON agt. THE MAYOR, ALDERMEN and COMMON-
ALTY OF THE CITY OF NEW YORK.

*Surrogate's court — Stenographer's salary — how paid — County charge.*

A stenographer to the surrogate's court, appointed under the act of 1865, is not limited in the collection of his salary to the fees paid into the county treasury by the surrogate's court. In case these fees are not sufficient to pay the salary, the excess becomes a county charge.

*Special Term, November,* 1878.

IN 1865 the legislature authorized and directed the surro-gate of New York to appoint a stenographer to the surrogate's court of said county who should be a sworn officer of the court and should be paid a salary of $3,000 a year, *in like man-ner as the salaries of clerks in said court are now paid by law from the fees of said court, paid into the treasury of the county of New York.*

The plaintiff in this action was duly appointed a stenogra-pher by the surrogate and continued such for a period of

about four months and has been paid at the rate of $2,500 a year only, leaving due to him a sum for which this action is brought, if he is entitled to claim his salary at the rate of $3,000 per year.

The defendant demurs to this complaint.

*David J. Dean*, of counsel for defendant.

*Elliot Sandford*, of counsel for plaintiff.

VAN BRUNT, *J.*— The defendants claim that the stenographer appointed under the foregoing act is limited in the collection of his salary to the fees paid into the county treasury by the surrogate's court.

The act nowhere intimates that the salary of the stenographer or of the other clerks in the surrogate's court are not to exceed the amount of the fees collected in said court.

In case these fees are not sufficient to pay these salaries the statute is silent as to how the deficiency is to be raised.

If the statute had simply authorized the surrogate to appoint a stenographer whose salary should be $3,000 a year and was entirely silent as to from what fund such salary should be paid, can there be any doubt but what it would be a general county charge ?

In the case at bar it seems to me that as to the excess of the salary which the fees will not pay, the same rule would be applied as though no direction was given as to the source of payment.

The statute nowhere intimates, that, under any circumstances, the salary is to be less than $3,000, or that the failure of fees should affect the compensation to be received by the stenographers.

Subsequent legislation would seem to indicate that this was the view which the legislature itself took of this act; because we find in 1867 the legislature abolished all fees in the surrogate's office, and then made no special provision for the payment of the clerks and stenographers in the surrogate's courts.

The legislature had already recognized the necessity of a stenographer in the surrogate's court, and they have never intimated their intention to abolish this office, and we must conclude that when, in 1867, they abolished the fees in the surrogate's court, they did not intend to abolish the office of stenographer, but that they recognized the fact, if the fees of surrogate did not pay the salary of the stenographer, that such salary was a county charge.

It is further to be observed, that the salary of the stenographer is to be paid in like manner as the salaries of the clerks of the surrogate's court are now paid by law from the fees of said court, &c.

It was not contended upon the argument of this demurrer by the counsel for the defendant that if the fees were not sufficient to pay the other clerks of the surrogate's court, they would not have a claim against the county for the balance of their salaries in excess of the fees received, and I am unable to see that the legislature has put the salary of the stenographer upon any different footing.

The case of *Branda* agt. *The Mayor*, cited by defendants' counsel does not seem to be an authority in point. In that case there was an express provision of law as to how the balance of expenses and salaries over the fees received should be raised, and the court held that no action could be maintained against the county for such balance until the money had been raised in the manner provided by law.

I think the demurrer in this case must be overruled with leave to the defendant to answer upon payment of costs.